IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JUAN BRADLEY, | ) | 8:11CV9 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| ALL UNITED STATES SUPREME | ) | |
| COURT JUDGES, and CLERKS OF | ) | |
| THE UNITED STATES SUPREME | ) | |
| COURT, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's "Response to Memorandum and Order." (Filing No. 8.) In this document, Plaintiff both responds to the court's January 24, 2011, Memorandum and Order requiring him to show cause why he is entitled to proceed in forma pauperis ("IFP") in this matter, and also seeks to appeal the court's January 24, 2011, Memorandum and Order to the Eight Circuit Court of Appeals. As set forth below, the court finds this matter should be dismissed.

## *I. RESPONSE TO JANUARY 24, 2011, MEMORANDUM AND ORDER*

### A. Background

Plaintiff, while incarcerated, filed a Complaint and a Motion for Leave to Proceed IFP on January 11, 2011. (Filing Nos. 1 and 2.) On January 24, 2011, the court ordered Plaintiff to either show cause why he is entitled to proceed IFP, or pay the full $350 filing fee by February 25, 2011, or his case would be dismissed. (Filing No. 7 at CM/ECF p. 2.) The court's order was based on the provisions set forth in 28 U.S.C. § 1915(g), and also the court's finding that Plaintiff brought the following four cases while incarcerated, all of which were dismissed as frivolous:

- *Bradley v. Urbom, et al.*, Case No. 8:92CV54 (D. Neb.), dismissed as frivolous on March 10, 1992.

- *Bradley v. The Senate, et al.*, Case No. 8:92CV96 (D. Neb.), dismissed as frivolous on May 7, 1992.

- *Bradley v. U.S. District Court, et al.*, Case No. 8:92CV127 (D. Neb.), dismissed as frivolous on March 13, 1992.

- *Bradley v. Urbom, et al.*, Case No. 8:92CV188 (D. Neb.), dismissed as frivolous on April 13, 1992.

On January 27, 2011, Plaintiff filed a response to the court's Memorandum and Order. (Filing No. 8.)

**B. Analysis**

A prisoner may not bring a civil action or proceed IFP if the prisoner has, on three or more occasions, while incarcerated, brought an action or appeal in federal court that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). An exception is made for prisoners who are under imminent danger of serious physical injury. *Id.*

In its previous Memorandum and Order, the court ordered Plaintiff to show cause why his case should not be dismissed pursuant to § 1915(g). (Filing No. 7 at CM/ECF p. 2.) The court listed four cases brought by Plaintiff that were dismissed because they were frivolous. (*Id.* at CM/ECF pp. 1-2.) For Plaintiff to proceed IFP, he needed to show the court that any or all of the four dismissed cases do not meet the criteria set forth in § 1915(g) or, alternatively, that he faces imminent danger of serious physical injury.

In Plaintiff's response to the court's January 24, 2011, Memorandum and Order, Plaintiff does not deny that the four cases set forth above were dismissed because they were frivolous. Rather, Plaintiff alleges that his "life is in peril." (Filing No. 8 at CM/ECF p. 2.) However, Plaintiff makes no credible argument to support his allegation. In short, Plaintiff has not shown that he is entitled to proceed IFP, nor has he paid the full $350 filing fee. For these reasons, this matter must be dismissed.

## II. REQUEST TO APPEAL JANUARY 24, 2011, MEMORANDUM AND ORDER

In Plaintiff's response, Plaintiff seeks to appeal the court's January 24, 2011, Memorandum and Order. (Filing No. 8 at CM/ECF p. 1.) However, the court's January 24, 2011, Memorandum and Order was not a final order, and judgment has not been entered in this matter. Plaintiff's request to appeal is therefore construed as a Motion for Interlocutory Appeal. As set forth in 28 U.S.C. § 1292(b), an interlocutory appeal is warranted if the decision sought to be appealed involves a controlling question of law as to which substantial grounds for difference of opinion exist, so that an immediate appeal could materially advance the ultimate termination of this litigation. 28 U.S.C. §1292(b).

Here, no such "controlling question of law" is implicated. The court's January 24, 2011, Memorandum and Order does not involve controlling questions of law as to which there is substantial ground for difference of opinion, and an immediate appeal would not materially advance the ultimate termination of this litigation. Therefore, there is no reason why the present appeal should proceed prior to entry of a final judgment in this matter. For these reasons, Plaintiff's Motion for Interlocutory Appeal is denied.

IT IS THEREFORE ORDERED that:

1. This matter is dismissed without prejudice.

2. A separate judgment will be entered in accordance with this Memorandum and Order.

3. Plaintiff's request to appeal the court's January 24, 2011, Memorandum and Order, construed as a Motion for Interlocutory Appeal, is denied. The Clerk of the court is directed not to process the appeal.

DATED this 28th day of February, 2011.

BY THE COURT:

*Richard G. Kopf*
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.